In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Vladimir M. GOROKHOVSKY, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Vladimir M. GOROKHOVSKY, Respondent-Appellant.

Supreme Court

*No. 2010AP2525–D.—Decided November 30, 2012.*

2012 WI 120

(Also reported in 824 N.W.2d 804.)

For the respondent-appellant, there were briefs filed by *Vladimir M. Gorokhovsky,* pro se.

For the Office of Lawyer Regulation, there was a brief filed by *Matthew Price, Foley & Lardner, LLP,* Milwaukee.

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶ 1 PER CURIAM. Attorney Vladimir M. Gorokhovsky has appealed from the referee's findings of fact and conclusions of law entered after a public hearing following the filing of the Office of Lawyer Regulation's (OLR) complaint on October 15, 2010. The OLR alleged, and the referee concluded, that Attorney Gorokhovsky had committed the following eight acts of professional misconduct:

> Count 1: Attorney Gorokhovsky failed to provide competent representation to a client in violation of

SCR 20:1.1[1] by advising a client that the client's chosen litigation strategy would be unlikely to succeed despite having never spoken to the client, reviewed the trial transcripts, or reviewed an important piece of trial evidence.

Count 2: Attorney Gorokhovsky failed to consult with his client and abide by the client's decisions concerning the objectives of representation in violation of former SCR 20:1.2(a)[2] by filing a postconviction motion for sentence modification without any prior input from his client.

Count 3: Attorney Gorokhovsky failed to keep his client reasonably informed and promptly comply with his client's reasonable requests for information, failed to communicate with his client in any way for almost a month after the representation began, by which time he had accumulated over $1,800 in attorney fees, and failed to communicate with his client in any way during a two-month period preceding a scheduled hearing date in violation of former SCR 20:1.4(a)[3] and current SCR 20:1.4(a)(3)[4].

---

[1] SCR 20:1.1 states, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] Former SCR 20:1.2(a), in effect prior to July 1, 2007, provided, in relevant part, "A lawyer shall abide by a client's decisions concerning the objectives of representation, . . . and shall consult with the client as to the means by which they are to be pursued."

[3] Former SCR 20:1.4(a), in effect prior to July 1, 2007, provided: "A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[4] SCR 20:1.4(a)(3) states a lawyer shall "keep the client reasonably informed about the status of the matter; . . . ."

Count 4: Attorney Gorokhovsky accepted compensation for legal services from someone other than his client without obtaining the client's prior consent in violation of former SCR 20:1.8(f)(1).[5]

Count 5: Attorney Gorokhovsky's compensation arrangement interfered with his independent professional judgment and with the client-lawyer relationship in violation of SCR 20:1.8(f)(2),[6] in that Attorney Gorokhovsky informed the client that the party paying for his legal services could not afford to pay him to pursue the legal strategy that the client preferred, and that he was disinclined to schedule a telephone conference with the client—even though he had not yet spoken with the client—because the party paying for his legal services was having difficulty paying for those services.

Count 6: Attorney Gorokhovsky violated SCR 20:1.8(f)(3)[7] and former SCR 20:1.6(a)[8] and current

---

[5] Former SCR 20:1.8(f)(1), in effect prior to July 1, 2007, provided, in relevant part: "A lawyer shall not accept compensation for representing a client from one other than the client unless: (1) the client consents after consultation, . . . ."

[6] SCR 20:1.8(f)(2) provides, "A lawyer shall not accept compensation for representing a client from one other than the client unless: . . . (2) there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; . . . ."

[7] SCR 20:1.8(f)(3) states "A lawyer shall not accept compensation for representing a client from one other than the client unless: . . . (3) information relating to representation of a client is protected as required by SCR 20:1.6."

[8] Former SCR 20:1.6(a), in effect prior to July 1, 2007, provided, in relevant part, "A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, . . . ."

SCR 20:1.6(a)[9] by discussing the client's case with the party paying for Attorney Gorokhovsky's legal services without the client's consent, and by allowing the party paying for Attorney Gorokhovsky's legal services to make decisions about the representation on the client's behalf.

Count 7: Attorney Gorokhovsky violated SCR 20:8.4(c)[10] and SCR 22.03(6)[11] by dating a letter to the client on a date when information contained in the letter establishes that it could not have been written until at least 13 days later, and by submitting a copy of this back-dated letter to the OLR during the course of its investigation.

Count 8: Attorney Gorokhovsky charged an unreasonable fee in violation of former SCR 20:1.5(a)[12]

---

[9] SCR 20:1.6(a) provides, in relevant part, "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, . . . ."

[10] SCR 20:8.4(c) states it is it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[11] SCR 22.03(6) provides as follows:

In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[12] Former SCR 20:1.5(a), in effect prior to July 1, 2007, stated:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

and current SCR 20:1.5(a)[13] by charging over $8,000 in attorney fees to pursue a postconviction motion that had not been authorized by the client, including over

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

[13] SCR 20:1.5(a) states:

A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

$1,800 in attorney fees prior to communicating with the client in any way; by submitting various duplicative and excessive charges; and by charging approximately $400 in fees for pursuing his fees.

¶ 2. The referee appointed to this matter, Attorney Christine Harris Taylor, determined that Attorney Gorokhovsky had committed the misconduct alleged in all eight counts. The referee recommended that Attorney Gorokhovsky be publicly reprimanded and ordered to pay the costs of this proceeding, which totaled $14,396.78 as of August 1, 2012.

¶ 3. We adopt the referee's findings of fact and conclusions of law, and we agree with the referee's recommendation regarding discipline. Accordingly, this court concludes that Attorney Gorokhovsky's misconduct requires a public reprimand. We further agree with the referee that Attorney Gorokhovsky shall bear the full costs of this disciplinary proceeding.

¶ 4. Attorney Gorokhovsky was licensed to practice law in Wisconsin in 2002 and practices in Glendale, Wisconsin. In 2009 Attorney Gorokhovsky was privately reprimanded for: (1) charging an unreasonable fee; (2) trust account violations; (3) failing to refund to his clients any portion of an advance fee; and (4) failing to provide accurate information to the OLR during an investigation.

¶ 5. The eight counts in this disciplinary proceeding concern Attorney Gorokhovsky's representation of F.B. We provide the following summary of Attorney Gorokhovsky's course of conduct, drawn from the facts alleged by the OLR and found by the referee.

¶ 6. F.B. faced multiple criminal charges, including the false imprisonment and battery of his former girlfriend, D.B. After D.B. failed to appear as a witness

at trial, the State dismissed the false imprisonment and battery charges, but pressed forward on misdemeanor and felony bail jumping charges arising from F.B.'s contact with D.B. in violation of certain no-contact orders.

¶ 7. A jury convicted F.B. on the bail jumping charges. The circuit court sentenced F.B. to jail and prison terms with extended supervision. His sentences collectively carried several conditions, including an order that F.B. have no contact with D.B. without court approval during the period of extended supervision.

¶ 8. Despite the fact that F.B. never authorized Attorney Gorokhovsky to discuss his case with D.B. or anyone else, D.B. and Attorney Gorokhovsky repeatedly discussed F.B.'s case. Over the course of several months, D.B. paid Attorney Gorokhovsky over $2,000 in legal fees to prepare and file a postconviction motion for sentence modification on F.B.'s behalf.

¶ 9. Before filing the sentence modification motion, Attorney Gorokhovsky wrote F.B. to say that he had been retained by D.B. and that he intended to file a motion for sentence modification. F.B. wrote back stating that he disagreed with this approach, that D.B. had falsely accused him of criminal behavior, and that he wanted to challenge his conviction on various grounds, including ineffective assistance of trial counsel. Attorney Gorokhovsky responded with a letter stating that D.B. had retained him to file a sentence modification motion, and that challenging F.B.'s convictions as F.B. proposed would cost more than D.B. could afford and would be unlikely to succeed. Attorney Gorokhovsky rendered this opinion about the likelihood of success of a challenge to F.B.'s convictions without obtaining and

reviewing trial transcripts, or reviewing a videotape that had been an important piece of evidence at trial, or speaking with F.B.

¶ 10. Attorney Gorokhovsky filed the sentence modification motion despite the fact that F.B. had not authorized him to do so. The circuit court denied the motion.

¶ 11. Attorney Gorokhovsky billed over $8,000 in attorney fees to pursue the postconviction motion that F.B. had never authorized. He billed over $1,800 in attorney fees prior to communicating with F.B. in any fashion. He billed approximately $400 for phone calls with D.B. regarding "billing issues" or other attempts to collect his legal fees. He submitted various duplicative and excessive charges.

¶ 12. The OLR alleged that by virtue of this conduct, Attorney Gorokhovsky committed the eight counts of misconduct set forth above. Attorney Gorokhovsky denied any misconduct.

¶ 13. Following a two-and-one-half-day hearing, the referee determined that the OLR had proven misconduct in all eight counts charged. As for sanctions, the referee recommended that Attorney Gorokhovsky should be publicly reprimanded and should be assessed the entire costs of the disciplinary proceeding, which total $14,396.78 as of August 1, 2012. The OLR did not request, and the referee did not recommend, any restitution award.

¶ 14. Attorney Gorokhovsky appeals. He challenges the referee's findings as incomplete and challenges each of the referee's conclusions of misconduct as incorrect. He also appeals from the referee's recommendation that he should be publicly reprimanded and

ordered to pay the full costs of this disciplinary proceeding. We consider Attorney Gorokhovsky's arguments in turn.

¶ 15. Attorney Gorokhovsky first argues that the referee's findings of fact are incomplete in that the referee did not make findings summarizing the testimony that a certain witness gave at the disciplinary hearing. Attorney Gorokhovsky appears to argue that the testimony of this witness was highly relevant in that it purportedly supported his decision to pursue a sentence modification motion without F.B.'s consent and justified his lack of communication with F.B.

¶ 16. The referee obviously disagreed with this argument and we do also. Nothing in this witness's testimony at the disciplinary hearing legitimizes Attorney Gorokhovsky's decision to pursue a litigation strategy contrary to his client's express wishes, with little in the way of lawyer-client communication. The referee's failure to make findings of fact summarizing the particular testimony at issue was harmless.

¶ 17. Attorney Gorokhovsky next argues that the referee incorrectly granted a motion in limine filed by the OLR on the first morning of the disciplinary hearing. The motion sought to exclude evidence of supposed off-the-record, in-chambers statements made by a circuit court judge—whom Attorney Gorokhovsky did not name as a disciplinary hearing witness—during F.B.'s criminal proceedings.

¶ 18. We reject this argument. Although Attorney Gorokhovsky criticizes the motion in limine as having been filed untimely, he does not identify any specific deadline set by the referee for motions in limine, nor

does he satisfactorily demonstrate any prejudice from the timing of the motion. Any prejudice to Attorney Gorokhovsky from the granting of the motion in limine was self-inflicted by his failure to arrange for his desired witness's presence at the disciplinary hearing. Moreover, Attorney Gorokhovsky does not argue that the referee's grant of the motion in limine on hearsay grounds was substantively incorrect.

¶ 19. Attorney Gorokhovsky next argues that his representation of F.B. was proven to be competent by virtue of the fact that a different lawyer, an assistant state public defender, eventually filed a motion making the ineffective assistance claim that D.B. had wanted Attorney Gorokhovsky to pursue, and the circuit court denied this motion.

¶ 20. We reject this argument. Simply because F.B.'s preferred litigation strategy did not succeed does not mean that Attorney Gorokhovsky acted with the legal knowledge, skill, thoroughness, and preparation reasonably necessary to provide competent representation. By rendering legal advice without speaking to his client, reading trial transcripts or reviewing key evidence, Attorney Gorokhovsky failed to provide competent representation.

¶ 21. Attorney Gorokhovsky next attempts to persuade us that F.B. was to blame for the lack of lawyer-client communication, and that additional such communication was unnecessary given his familiarity with F.B.'s case.

¶ 22. We reject this argument. Attorney Gorokhovsky's argument does not alter the established facts that: (1) Attorney Gorokhovsky never consulted with F.B. before filing the sentence modification motion, and (2) Attorney Gorokhovsky never sought to withdraw the motion after learning of F.B.'s disapproval

of the motion. By any measure, these are troublesome failures in lawyer-client communication.

¶ 23. Attorney Gorokhovsky next claims that his acceptance of compensation for legal services from D.B.—a non-client—did not constitute misconduct because he reasonably assumed that F.B. had authorized him to receive compensation from D.B., and because there was no proof that this payment arrangement interfered with his professional judgment.

¶ 24. We reject this argument. The record shows that Attorney Gorokhovsky never obtained F.B.'s consent after consultation regarding the payment arrangement with D.B., as our rules require. The record further shows that Attorney Gorokhovsky declined to perform certain work on F.B.'s behalf because D.B. was having difficulty paying for Attorney Gorokhovsky's legal services. These facts demonstrate the inappropriateness of the payment arrangement.

¶ 25. Attorney Gorokhovsky next attempts to persuade us that his discussions with D.B. about F.B.'s case without F.B.'s consent, and his decision to follow D.B.'s strategic instructions rather than F.B.'s strategic instructions, did not amount to misconduct. Attorney Gorokhovsky claims that he reasonably assumed that F.B. wanted D.B. to oversee his case.

¶ 26. We reject this argument as unsupported by the record. The established facts show that Attorney Gorokhovsky was careless with his client's confidences and instructions, and such conduct is clearly unethical.

¶ 27. Attorney Gorokhovsky next takes issue with the referee's determinations that he had back-dated one of his letters to F.B. to make it appear as though he had

sent F.B. certain case materials on an earlier date, and that he had misled the OLR by submitting a copy of this back-dated letter to the OLR during the course of its investigation. Attorney Gorokhovsky claims that his actions were not willfully misleading.

¶ 28. We reject this argument. The referee's determinations are fact-intensive and involve an implicit evaluation of Attorney Gorokhovsky's credibility. Because Attorney Gorokhovsky has not shown that the referee's findings with regard to the letter in question were clearly erroneous, we affirm the conclusion of misconduct on this count.

¶ 29. Finally, Attorney Gorokhovsky challenges the referee's conclusion that he charged an unreasonable fee by, among other things, charging over $8,000 in attorney fees to pursue a postconviction motion that had not been authorized by F.B., submitting various duplicative and excessive charges, and charging approximately $400 in fees for pursuing his fees. He claims that his fees were authorized by a representation agreement that D.B. never signed, and that there was no proof that his charges were unreasonable.

¶ 30. We reject this argument. The referee's findings with respect to the fees charged by Attorney Gorokhovsky are not clearly erroneous. Further, we agree that these facts support the subsequent conclusion of law that Attorney Gorokhovsky's billing practices were unethical.

¶ 31. In sum, after our review of the record in this matter, we conclude that the referee's findings of fact are not clearly erroneous. We agree with the referee's legal conclusion that Attorney Gorokhovsky's conduct

as alleged in Counts 1 through 8 of the complaint amounted to violations of the Rules of Professional Conduct for Attorneys. We therefore adopt the referee's findings of fact and conclusions of law.

¶ 32. We appreciate that we may not have addressed each and every one of the arguments presented by Attorney Gorokhovsky challenging the referee's findings and conclusions. To the extent we have not, such arguments are deemed denied. *See Libertarian Party of Wisconsin v. Wisconsin,* 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (appellate court need not discuss arguments unless they have "sufficient merit to warrant individual attention").

¶ 33. Turning to the question of the appropriate discipline, the OLR requested, and the referee recommended, that a public reprimand be issued as discipline for Attorney Gorokhovsky's misconduct. Attorney Gorokhovsky argues that a public reprimand is excessive discipline in view of the facts of this matter. He explains that whatever errors he may have committed were caused by an overzealous, good faith desire to help F.B. for which he should not be unduly punished. He also claims that his conduct should be excused as a necessary part of his learning curve as a lawyer. He argues that a private reprimand would be an appropriate sanction.

¶ 34. We disagree. Attorney Gorokhovsky has been licensed for a decade and has been privately disciplined once before. The ethical rules that Attorney Gorokhovsky violated are not difficult ones to grasp, and his violations of those rules were obvious. He ought to have known better. Under the circumstances, a public reprimand is a modest sanction. We also remind

Attorney Gorokhovsky that the court may impose progressively severe sanctions when an attorney engages in a pattern of misconduct.

¶ 35. Finally, there is the matter of restitution and costs. As to restitution, we note that there appears to be a disconnect between the OLR's disinterest in pursing restitution (it seeks none) and its charging decision. In Count 4 the OLR alleged, the referee concluded, and this court has agreed that Attorney Gorokhovsky committed professional misconduct by accepting compensation for legal services from someone other than his client without obtaining the client's prior consent, in violation of former SCR 20:1.8(f)(1). Thus, it is a legal fact that every penny Attorney Gorokhovsky received from D.B. was ethically misbegotten. It would seem that a lawyer whose collection of fees is itself a violation of the ethics code should be made to disgorge those fees through a restitution award. However, because restitution has not been sought nor briefed, this court will not address the subject further.

¶ 36. As to costs, Attorney Gorokhovsky requests an undefined reduction in the amount of costs awardable to the OLR, which total $14,396.78 as of August 1, 2012. Attorney Gorokhovsky challenges the OLR's costs on several grounds. He states, with no explanation, that the amount of attorney fees requested by the OLR is excessive. He also argues that a dermatological condition and certain personal matters impact his ability to work and, we assume, his ability to pay costs.

¶ 37. We believe that these claims are not sufficiently unique or compelling as to constitute the sort of extraordinary circumstances necessary to relieve Attorney Gorokhovsky from having to pay the full costs of this matter. *See* SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all

costs upon the respondent attorney). Attorney Gorokhovsky's allegations of financial hardship are an appropriate consideration for establishment of a payment plan with the OLR; assigning greater significance to them at this point would be premature.

¶ 38. IT IS ORDERED that Vladimir M. Gorokhovsky is publicly reprimanded for his professional misconduct.

¶ 39. IT IS FURTHER ORDERED that within 60 days of the date of this order, Vladimir M. Gorokhovsky shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 40. IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.