# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP740-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Vladimir M. Gorokhovsky, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>     Complainant, <br>    v. <br> Vladimir M. Gorokhovsky, <br>     Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST GOROKHOVSKY

| | |
|---|---|
| OPINION FILED: | December 17, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2012AP740-D

STATE OF WISCONSIN    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Vladimir M. Gorokhovsky, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Vladimir M. Gorokhovsky,**

      **Respondent.**

**FILED**

**DEC 17, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM. We review the recommendation of the referee that Attorney Vladimir M. Gorokhovsky be publicly reprimanded for professional misconduct. That misconduct consists of:  (1) committing criminal acts that reflect adversely on his honesty, trustworthiness, and fitness as a

lawyer, in violation of SCR 20:8.4(b),[1] and (2) making false statements of fact or law to a tribunal and engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:3.3(a)(1)[2] and SCR 20:8.4(c).[3] In addition to a public reprimand, the referee recommended that Attorney Gorokhovsky pay the costs of this proceeding. As of April 29, 2013, the Office of Lawyer Regulation (OLR) reported costs of $13,835.76.

¶2 No appeal has been filed. Thus, the matter is submitted to the court for its review pursuant to SCR 22.17(2).[4] In conducting our review, we will affirm the referee's findings of fact unless they are found to be clearly erroneous, but we will review the referee's conclusions of law on a de novo basis.

---

[1] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[2] SCR 20:3.3(a)(1) states a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; . . . ."

[3] SCR 20:8.4(c) says it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[4] SCR 22.17(2) provides as follows:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

2

See <u>In re Disciplinary Proceedings Against Inglimo</u>, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See <u>In re Disciplinary Proceedings Against Widule</u>, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶3 After our independent review of the record, we approve the referee's findings of fact and conclusions of law and adopt them. We agree that Attorney Gorokhovsky should pay the full costs of this disciplinary hearing. We do not, however, accept the referee's recommendation that Attorney Gorokhovsky's misconduct be sanctioned by a public reprimand. The serious nature of Attorney Gorokhovsky's misconduct combined with his recent disciplinary history render a public reprimand an insufficient response. We therefore impose a 60-day suspension of Attorney Gorokhovsky's Wisconsin law license.

¶4 Attorney Gorokhovsky was admitted to practice law in Wisconsin in 2002. His disciplinary history consists of the following:

- Private reprimand in 2009 for charging an unreasonable fee, failing to treat a client's funds as trust property until there was an accounting and severance of the relationship, failing to timely refund any advance payment of fees, and failing to provide accurate information to the OLR during its investigation. Private Reprimand, No. 2009-23.

- Public reprimand in 2012 for failing to provide competent representation to a client, failing to consult with a

3

client and abide by a client's decisions concerning the objectives of the representation, failing to keep a client reasonably informed and promptly comply with the client's reasonable requests for information, accepting compensation for legal services from someone other than a client without obtaining the client's prior consent, having a compensation arrangement that interfered with his independent professional judgment and with the client-lawyer relationship, discussing a client's case with the party paying for his legal services without the client's consent and allowing that party to make decisions about the representation, misrepresenting to the OLR the date of a letter he allegedly sent to a client, and charging an unreasonable fee. In re Disciplinary Proceeding Against Gorokhovsky, 2012 WI 120, 344 Wis. 2d 553, 824 N.W.2d 804.

¶5 On April 9, 2012, the OLR filed a complaint against Attorney Gorokhovsky that alleged three counts of professional misconduct, the third of which the OLR later dismissed. The OLR's complaint sought a 60-day suspension of Attorney Gorokhovsky's license to practice law. Attorney Gorokhovsky filed an answer that admitted some of the factual allegations of the complaint, denied others, and denied any violation of the Wisconsin Rules of Professional Conduct for Attorneys.

¶6 This court appointed Attorney James J. Winiarski as referee. The referee held an evidentiary hearing on January 28 and 29, 2013. On April 8, 2013, the referee filed a report

4

containing his findings of fact and conclusions of law, as well as his recommendation for discipline. The referee's report and the exhibits received at the evidentiary hearing may be summarized as follows.

¶7 Count One concerns Attorney Gorokhovsky's misdemeanor convictions of two counts of battery and one count of disorderly conduct in Ozaukee County circuit court, all as acts of domestic abuse against his then wife. These convictions were the result of a jury trial held on August 11, 2010.[5] The circuit court sentenced Attorney Gorokhovsky to concurrent 18-month terms of probation for the two battery charges and a 60-day jail term for the disorderly conduct conviction.

¶8 The referee concluded that these criminal acts reflected adversely on Attorney Gorokhovsky's honesty, trustworthiness, and fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).

¶9 Count Two concerns certain representations Attorney Gorokhovsky made to the Cook County circuit court (hereinafter "the Illinois court") in 2010. Attorney Gorokhovsky entered an appearance on behalf of his client, Providence Home Health Care (hereinafter "Providence"), in February of 2007, after being admitted to appear pro hac vice. Providence was the plaintiff in the Illinois case.

---

[5] Additional charges were tried to the jury; the jury returned a verdict of not guilty on one count of battery and two counts of disorderly conduct.

5

¶10 On August 9, 2010——two days before Attorney Gorokhovsky's criminal trial in Wisconsin——the Illinois court entered a scheduling order setting a trial date of November 8, 2010.

¶11 After Attorney Gorokhovsky was convicted and sentenced in Wisconsin of battery and disorderly conduct on August 11, 2010, he decided to seek a stay of the November 2010 trial scheduled in the Illinois court. On or about August 20, 2010, Attorney Gorokhovsky filed a motion for stay, claiming to the Illinois court that on August 11, 2010, he had "gone through a dramatic event in his life, resulting in partial incapacitation." He stated that he was "going on personal, family and health care leave of absence with anticipated duration of several months, commencing on August 26, 2010 and ending on or about December 3, 2010." Attorney Gorokhovsky did not explain the dramatic event or health-related problem that served as the basis for his motion.

¶12 Despite the fact that Attorney Gorokhovsky told the Illinois court that his personal and health-related leave would commence on August 26, 2010, Attorney Gorokhovsky appeared that day in Ozaukee County circuit court to present argument in a postconviction motion hearing in his own criminal case. As a result of this postconviction hearing, the Ozaukee County circuit court granted a stay of Attorney Gorokhovsky's jail sentence pending appeal.

¶13 On September 13, 2010, the Illinois court held a hearing on Attorney Gorokhovsky's motion for a stay of the

6

impending trial. A different lawyer appeared in Attorney Gorokhovsky's place on behalf of Providence. The Illinois court continued the motion to September 22, 2010, and ordered Attorney Gorokhovsky to provide a detailed affidavit stating the reason for the requested stay.

¶14 On or about September 20, 2010, Attorney Gorokhovsky provided the Illinois court with an affidavit in which he averred that he suffered from severe psoriasis (a skin condition) that had been manageable up until August 11, 2010, but thereafter substantially interfered with his normal day-to-day functioning and ability to render competent representation to his client. Attorney Gorokhovsky further averred that on the advice of his treating doctors, he needed to "abstain from his professional pursuits for a brief period of time" and undergo "treatment which in [the] opinion of his treating medical professionals will take several months." Attorney Gorokhovsky averred that his client would be "severely prejudiced if this Honorable Court [does] not grant a short period of stay of this matter until December 6, 2010 to allow your affiant to undergo . . . required medical treatment to rectify his health impediment and to protect his health and well-being." In his affidavit, Attorney Gorokhovsky did not reveal the fact of his criminal convictions in Wisconsin, nor did he refer to the sentence imposed or the fact that the sentence was stayed pending appeal.

¶15 In further support of his motion for a stay of the impending Illinois trial, Attorney Gorokhovsky provided the

Illinois court with a letter dated September 21, 2010, from an individual named Oleh Cherednyk, whom Attorney Gorokhovsky identifies as a doctor of oriental medicine. Cherednyk wrote in his letter to the Illinois court that Attorney Gorokhovsky's condition of psoriasis was interfering with his daily activities and "poses [a] severe health risk." Cherednyk wrote that he has advised Attorney Gorokhovsky "to avoid any and all instances of possible stress by limiting his professional activities to only uncontested legal matters" and "not to participate as [a] litigation attorney in any litigation-related activities."

¶16 On September 22, 2010, the Illinois court entered an order granting Attorney Gorokhovsky's motion to stay the trial scheduled for November 8, 2010.

¶17 Thereafter, notwithstanding his representations to the Illinois court, Attorney Gorokhovsky appeared and filed documents in numerous court cases through December of 2010. These appearances included representing defendants in preliminary hearings in criminal cases, representing parties in contested motion hearings, and appearing in court on his own behalf in his criminal case and in his own divorce case.

¶18 One of the defendants in the stayed Illinois court case, T.V., learned of and attended an October 2010 hearing in Attorney Gorokhovsky's own divorce case in Wisconsin. T.V. observed Attorney Gorokhovsky's active participation in the hearing.

¶19 On or about November 18, 2010, T.V.'s attorney filed with the Illinois court a motion for sanctions on behalf of all

8

of the defendants in Providence's lawsuit. The motion alleged that Attorney Gorokhovsky misrepresented to the Illinois court that he needed a stay of the Illinois proceeding because of his own serious medical condition. The motion included an affidavit from T.V. recounting her observations of Attorney Gorokhovsky's participation in his October 2010 hearing in his own divorce case. T.V.'s attorney also filed court records showing various court appearances Attorney Gorokhovsky made after the stay was granted.

¶20 On February 15, 2011, the Illinois court revoked Attorney Gorokhovsky's pro hac vice admission to appear in the Providence case. The court ordered Attorney Gorokhovsky and his client to pay $500, jointly and severally, to the defendants for their costs in bringing the motion for sanctions. Providence paid the sanction.

¶21 In the instant disciplinary case, the referee concluded that Attorney Gorokhovsky's actions in the Providence matter violated SCR 20:3.3(a)(1) and SCR 20:8.4(c). The referee determined that Attorney Gorokhovsky made a misrepresentation to the Illinois court when he stated that he was incapacitated and would be taking a leave of absence from his law practice for medical reasons, when in fact he went on to make court appearances and perform legal work in numerous Wisconsin cases. The referee further found that Attorney Gorokhovsky failed to disclose to the Illinois court his criminal trial, convictions, and sentence as a reason for his request for a stay.

¶22 The referee recommended that Attorney Gorokhovsky be publicly reprimanded, and that the costs of the disciplinary proceeding be assessed against him. In recommending a public reprimand, the referee noted the following mitigating factors: (1) Attorney Gorokhovsky's underlying convictions are misdemeanors; (2) Attorney Gorokhovsky served 60 days of incarceration for his misdemeanor convictions; (3) there is no evidence of prior criminal conduct on the part of Attorney Gorokhovsky; (4) Attorney Gorokhovsky suffered a serious outbreak of his pre-existing psoriasis as a result of the stress of his divorce and criminal trial; and (5) Attorney Gorokhovsky works intensely and zealously as a lawyer for his clients. The referee noted the following aggravating factors: (1) domestic abuse convictions are serious and reflect negatively on Attorney Gorokhovsky's fitness as a lawyer; (2) Attorney Gorokhovsky deliberately hid his criminal convictions and jail sentence from the Illinois court in his efforts to secure a stay of an upcoming trial; (3) Attorney Gorokhovsky refuses to acknowledge the wrongful nature of his conduct in the Illinois court; and (4) this matter and Attorney Gorokhovsky's previous disciplinary matters reveal a pattern of disregard for his professional obligations as an attorney.

¶23 After weighing these factors, the referee rejected the OLR's request for a 60-day suspension of Attorney Gorokhovsky's Wisconsin law license and instead recommended a public reprimand. The referee concluded that a public reprimand "would provide the public with notice of [Attorney] Gorokhovsky's

10

misconduct and members of the public would then be in a position to determine [Attorney] Gorokhovsky's fitness as a lawyer, given his domestic abuse convictions."

¶24 The matter is now before this court to review the referee's report and recommendation. We affirm the referee's findings of fact, and we agree with the referee that those factual findings demonstrate that Attorney Gorokhovsky committed the two counts of professional misconduct at issue.

¶25 We further decide, contrary to the referee's recommendation, that a 60-day license suspension is appropriate. A 60-day suspension is required by the serious nature of the misconduct and Attorney Gorokhovsky's previous disciplinary history. Attorney Gorokhovsky stands convicted of two counts of battery and one count of disorderly conduct, all as acts of domestic abuse. Domestic violence is an undisputedly serious crime that reflects adversely on Attorney Gorokhovsky's honesty, trustworthiness, or fitness as a lawyer in other respects. See SCR 20:8.4(b) cmt. [2]. In addition, Attorney Gorokhovsky made intentionally false, deceitful statements to the Illinois court. While it may have been true that Attorney Gorokhovsky was suffering from an outbreak of psoriasis during the relevant time period, this outbreak was not so debilitating as to require him to refrain from participating "in any litigation-related activities," as he told the Illinois court. Attorney Gorokhovsky's litigation efforts in other cases, including his own, contradicted his representation to the Illinois court.

¶26 We generally impose progressive discipline, especially in cases involving a pattern of similar misconduct. See, e.g., In re Disciplinary Proceedings Against Nussberger, 2006 WI 111, ¶27, 296 Wis. 2d 47, 719 N.W.2d 501. This is the third time that Attorney Gorokhovsky has been the subject of a disciplinary action. Attorney Gorokhovsky engaged in the misconduct at issue here in 2010, after we privately reprimanded him in 2009. In 2012, we publicly reprimanded Attorney Gorokhovsky for eight counts of misconduct, including the same behavior——dishonest or fraudulent conduct——in play here. See id. (noting that we have imposed progressive discipline when the conduct at issue in the current disciplinary proceeding occurred prior to the imposition of discipline in a prior proceeding). In his 2012 public reprimand, we "remind[ed] Attorney Gorokhovsky that the court may impose progressively severe sanctions when an attorney engages in a pattern of misconduct." Gorokhovsky, 344 Wis. 2d 553, ¶34. Now that we already have privately and publicly reprimanded Attorney Gorokhovsky, imposing yet another reprimand would unduly depreciate the seriousness of his misconduct and the need to deter him from continued unprofessional behavior. Therefore, we impose a 60-day suspension. We also remind Attorney Gorokhovsky, once again, that this court may impose progressively severe sanctions when an attorney engages in a pattern of misconduct.

¶27 Finally, we find it appropriate that Attorney Gorokhovsky pay the full costs of the proceeding, which are $13,835.76. Our general policy is to impose the costs of a

12

disciplinary proceeding against the respondent attorney whose misconduct necessitated the proceeding. See SCR 22.24(1m). We see no reason to deviate from that policy in this case. There is nothing on the face of the OLR's statement of costs that would suggest the requested costs are unreasonable. Attorney Gorokhovsky has not objected to the imposition of the requested costs. We therefore require Attorney Gorokhovsky to pay the full costs of this proceeding.

¶28 IT IS ORDERED that the license of Vladimir M. Gorokhovsky to practice law in Wisconsin is suspended for a period of 60 days, effective January 21, 2014.

¶29 IT IS FURTHER ORDERED that Vladimir M. Gorokhovsky shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶30 IT IS FURTHER ORDERED that within 60 days of the date of this order, Vladimir M. Gorokhovsky shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶31 IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. See SCR 22.28(2).

13