# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP2300-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against  Howard B. Mitz, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Howard B. Mitz, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST MITZ

| | |
|---|---|
| OPINION FILED: | April 3, 3015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP2300-D

STATE OF WISCONSIN               :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Howard B. Mitz, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Howard B. Mitz,**

      **Respondent.**

**FILED**

APR 3, 2015

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report of Referee Jonathan V. Goodman, recommending that the court publicly reprimand Attorney Howard B. Mitz for professional misconduct and order him to pay the full costs of this disciplinary proceeding, which total $6,706.79 as of January 2, 2015.

¶2 No appeal has been filed from the referee's report and recommendation, so we review the matter pursuant to Supreme

Court Rule (SCR) 22.17(2).[1] After considering the referee's report and the record in this matter, we agree that Attorney Mitz engaged in the acts of professional misconduct alleged in the Office of Lawyer Regulation's (OLR) complaint. We further agree with the referee that a public reprimand is sufficient discipline. We require Attorney Mitz to pay the full costs of this proceeding.

¶3 Attorney Mitz was admitted to the practice of law in Wisconsin on August 28, 1973. He practices in Mequon, Wisconsin. He has no history of professional misconduct.

¶4 The misconduct giving rise to this proceeding stems from Attorney Mitz's representation of his first cousin, M.F. In December 2003, M.F. was injured in a car accident and unable to work. In June 2004, Attorney Mitz filed a personal injury action on M.F.'s behalf against J.J.

¶5 In July 2006, M.F. sought financial advice from Attorney Mitz. Attorney Mitz arranged for two loans totaling $2,500 each from Attorney Mitz's father and uncle, respectively. The loan proceeds were put into Attorney Mitz's trust account. M.F. also applied for a loan from PS Finance for the amount of

---

[1] SCR 22.17(2) provides:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

$8,000. Attorney Mitz helped M.F. with those loan documents and notarized a number of documents, including an "Attorney Acknowledgement of Explanation of Terms to Plaintiff, of Revocable Lien and Assignment to Pre-Settlement Finance, LLC."

¶6 In May 2007, a settlement was reached with J.J.'s insurer, Badger Mutual Insurance, in the amount of $100,000. Attorney Mitz promptly used a portion of the settlement proceeds to repay M.F.'s loans from Attorney Mitz's father and uncle. Attorney Mitz failed to notify PS Finance of the settlement.

¶7 Between May 2007 and November 2008, Attorney Mitz distributed the remainder of the settlement proceeds, without any payment to PS Finance.

¶8 In February 2009, PS Finance learned that M.F.'s personal injury case had settled. Through a series of conversations and emails made part of the underlying record, Attorney Mitz claimed that he hadn't received the settlement proceeds and that he was still trying to put numbers to the proper disbursements from the settlement, among various other excuses. In October 2011, Attorney Mitz informed PS Finance that settlement proceeds were in his trust account but that no one had yet been paid. Attorney Mitz claimed he would fax a letter to PS Finance confirming that the settlement funds were still in his trust account. PS Finance never received the promised letter.

¶9 Eventually, in February 2012, PS Finance filed a grievance with the OLR. In response to the OLR's inquiries, Attorney Mitz stated that he "first became aware that the loan

3

had in fact been closed and the existence of PS Finance's claimed lien in 2008, after the settlement with Badger Mutual." In August 2013, Attorney Mitz sent PS Finance a check in the amount of $11,637, the full balance due on the loan.

¶10 In October 2013, the OLR filed a disciplinary complaint against Attorney Mitz, alleging three counts of professional misconduct. Attorney Mitz first sought dismissal of the OLR complaint; the referee denied that motion in a written decision. Thereafter, Attorney Mitz filed an answer and, in October 2014, the referee conducted an evidentiary hearing, ultimately concluding that Attorney Mitz committed the misconduct, substantially as alleged in the OLR's complaint.

¶11 The referee concluded that, by not timely notifying PS Finance of the settlement and delivering to PS Finance the funds to satisfy PS Finance's lien, Attorney Mitz violated SCR 20:1.15(d)(1)[2] (Count One).

¶12 The referee concluded that, by making false statements to PS Finance representatives on a number of occasions,

---

[2] SCR 20:1.15(d)(1) provides:

> Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

including, but not limited to, that settlement proceeds were still in his trust account and that he was attempting to analyze the settlement disbursements, when there is no question that Attorney Mitz knew that settlement proceeds had already been disbursed from his trust account, Attorney Mitz violated SCR 20:4.1(a)(1)[3] and SCR 20:8.4(c)[4] (Count Two).

¶13 The referee concluded that, by making misrepresentations in his March 29, 2012 letter to the OLR to the effect that he was unaware that M.F. had taken an $8,000 loan from PS Finance or that PS Finance had a lien against M.F.'s personal injury claim until sometime in 2008, after Attorney Mitz had disbursed the $100,000 settlement proceeds from Badger Mutual Insurance, when in fact Attorney Mitz was aware of the PS Finance loan, Attorney Mitz violated SCR 20:8.4(c) (Count Three).

¶14 The OLR sought a 60-day suspension and imposition of costs. The referee acknowledged the seriousness of Attorney Mitz's professional misconduct, but ultimately recommended that the court impose a public reprimand. The referee noted that in its brief addressing sanctions, the OLR cited a number of cases in which attorneys were suspended for similar misconduct. The

---

[3] SCR 20:4.1(a)(l) provides that, in the course of representing a client, a lawyer shall not knowingly "make a false statement of a material fact or law to a 3rd person."

[4] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

referee observed, however, that the cases cited by the OLR involved attorneys who had previously committed misconduct. See, e.g., In re Disciplinary Proceedings Against Gorokhovsky, 2013 WI 100, 351 Wis. 2d 408, 840 N.W.2d 126. Here, the referee determined that, in view of Attorney Mitz's lack of any disciplinary history, the concept of progressive discipline renders a public reprimand more appropriate.

¶15 We will affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶16 There is no showing that any of the referee's findings of fact are erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Mitz violated the supreme court rules set forth above. While the misconduct at issue is serious, the record reflects that Attorney Mitz has no prior discipline, did not personally benefit from the misconduct, and cooperated with the OLR. We therefore accept the referee's recommendation for a public reprimand. Finally, we agree with the referee that Attorney Mitz should be required to pay the full costs of the proceeding,

which are $6,706.79 as of January 2, 2015.  We accept the OLR's statement that restitution is not warranted in this matter.

¶17  IT IS ORDERED that Attorney Howard B. Mitz is publicly reprimanded for his professional misconduct.

¶18  IT IS FURTHER ORDERED that within 60 days of the date of this order, Howard B. Mitz shall pay to the Office of Lawyer Regulation the costs of this proceeding, $6,706.79.

¶19  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.