# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2015AP1958-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Margaret Bach, Attorney at Law: |
| | Office of Lawyer Regulation, |
| |         Complainant, |
| |     v. |
| | Margaret Bach, |
| |         Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST BACH

| | |
|---|---|
| OPINION FILED: | November 29, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2015AP1958-D

STATE OF WISCONSIN                    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Margaret Bach, Attorney at Law:**

**Office of Lawyer Regulation,**

       **Complainant,**

  **v.**

**Margaret Bach,**

       **Respondent.**

**FILED**

**NOV 29, 2016**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1   PER CURIAM.  We review the report of Referee James J. Winiarski recommending that the court publicly reprimand Attorney Margaret Bach for professional misconduct and order her to pay the full costs of this disciplinary proceeding, which total $14,765.09 as of August 26, 2016.

¶2   No appeal has been filed from the referee's report and recommendation, so we review the matter pursuant to Supreme

Court Rule (SCR) 22.17(2).[1] After considering the referee's report and the record in this matter, we agree with the referee's determination that the Office of Lawyer Regulation (OLR) proved by clear, satisfactory, and convincing evidence that Attorney Bach engaged in some, but not all, of the acts of professional misconduct alleged in the OLR's amended complaint. We agree that a public reprimand is appropriate and we require Attorney Bach to pay the full costs of this proceeding.

¶3 This court is familiar with the underlying facts giving rise to this case. It stems from Attorney Bach's efforts to advocate on behalf of her adult son, A.B., who is disabled. A.B. has a rare medical condition that renders him a danger to himself and others. Since approximately 2006, when A.B. turned 18, Attorney Bach has engaged in extensive litigation regarding

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

The referee issued his report on August 8, 2016. On September 1, 2016, Attorney Bach filed a document entitled "Reply Brief to Referee's Report." The rules governing the OLR proceedings do not contemplate a "reply" to a referee's report. However, there is no indication Attorney Bach intended this document be construed as an appeal from the referee's report. It is not captioned as an appeal, makes no reference to oral argument or briefing, and would have been untimely. See SCR 22.17(1). We declined to construe it as an appeal. We will treat the document as a post-hearing brief.

his placement, level and quality of care, payment for that care, and guardianship.

¶4 Initially, Attorney Bach was appointed her son's guardian and cared for him at her home. However, in 2009, following a series of incidents and acrimonious litigation relating to A.B.'s level of care, the court appointed a corporate guardian for him. In 2011, the court appointed a new guardian, ARC of Greater Milwaukee, n/k/a Life Navigators, and appointed Elizabeth Ruthmansdorfer as A.B.'s guardian ad litem. Attorney Bach was aggrieved by these appointments and has challenged them repeatedly in court.

¶5 On July 5, 2011, Attorney Bach was admitted to practice law in Wisconsin. She continued to litigate but, as a licensed attorney, she is subject to the Rules of Professional Conduct for Attorneys, SCR Ch. 20.

¶6 On August 31, 2011, Attorney Bach filed a complaint in federal court against Milwaukee County and several other defendants, naming herself and her son as plaintiffs. Bach v. Milwaukee County, E.D. Wis. Case No. 11-C-828. The federal court dismissed Attorney Bach's complaint and Attorney Bach appealed. On July 24, 2012, the Seventh Circuit Court of Appeals dismissed Attorney Bach's appeal. Bach v. Milwaukee County, 490 Fed. Appx. 806 (7th Cir. 2012), cert. denied (Feb. 19, 2013). The Court held that "Life Navigators and Ruthmansdorfer are the only persons authorized to act on [A.B.'s] behalf." (Emphasis added.)

3

¶7   Meanwhile, on June 21, 2012, the Milwaukee County circuit court judge presiding over A.B.'s guardianship case denied Attorney Bach's request to access the confidential guardianship court file.  On July 11, 2012, the court issued a written order confirming this ruling.

¶8   On October 16, 2012, the circuit court issued another written order, this time enjoining Attorney Bach:

> ... from filing, without this Court's prior approval, either on her own behalf and/or on [A.B.'s] behalf and/or on behalf of any other person purporting to represent [A.B.'s] interests, any complaint, petition, motion, or other request for relief (hereinafter 'pleading') in this guardianship proceeding, or in any other proceeding before any other state or federal court or other tribunal (including appellate courts), regarding [A.B.] and/or regarding any person or entity providing care or services to [A.B.] and/or any person or entity who serves as a legal representative to [A.B.], except that Ms. Bach may appeal this Order to the Wisconsin Court of Appeals.

¶9   On April 2, 2013, Attorney Bach filed another complaint in federal court challenging the circuit court's injunction as well as A.B.'s placement and visitation.  Attorney Bach did not name A.B. as a plaintiff, but requested the court appoint a guardian ad litem for him.  Bach v. Milwaukee County Circuit Court, E.D. Wis. Case No. 13-CV-370.  On May 31, 2013, Attorney Bach amended her complaint, naming A.B. as a plaintiff.

¶10  In June 2013, in state court, Attorney Bach ordered transcripts of certain proceedings in A.B.'s guardianship case from court reporters.  Later that month, the circuit court informed Attorney Bach that the court reporters had been

4

instructed to cease their work, based on the 2012 June and July court orders.

¶11 In a June 2013 order, the Wisconsin Court of Appeals warned Attorney Bach that "[b]eing [A.B.'s] mother does not endow her with the right to sidestep, manipulate or disregard the rules by which all litigants must play." Margaret B. v. County of Milwaukee, No. 2012AP1176, unpublished slip op., ¶7 (Wis. Ct. App. Jun. 12, 2013).

¶12 On July 31, 2013, Attorney Bach appealed the circuit court's ruling regarding transcripts in the guardianship proceeding. The court of appeals summarily affirmed, stating:

> Proceedings in guardianship cases are confidential by statute, and this court has previously upheld determinations that, because she is not her son's guardian, guardian ad litem, or adversary counsel, Bach has no standing in the guardianship case, no right to review his confidential legal or medical records, and no right to assert any legal claims on his behalf.

Bach v. Life Navigators, No. 2013AP1758, unpublished order (Wis. Ct. App. Dec. 30, 2014).

¶13 On September 11, 2013, Magistrate Judge Nancy Joseph dismissed Attorney Bach's federal complaint regarding the state court injunction, and A.B.'s placement and guardianship, warning Attorney Bach of the court's authority to enter an order limiting vexatious litigants' access to the court system. Attorney Bach appealed.

¶14 On April 5, 2014, Attorney Bach appealed another order in A.B.'s guardianship case. The court of appeals denied her

petition for a fee waiver on the grounds that Attorney Bach had failed to present any arguably meritorious issues for review. Bach v. Life Navigators, No. 2014AP1007, unpublished slip op., (Wis. Ct. App. Sep. 22, 2014).

¶15 On May 22, 2014, the Seventh Circuit Court of Appeals affirmed Judge Joseph's decision, ruling that Attorney Bach had "abused the judicial process by filing multiple frivolous suits, many of which, like this one, could not succeed unless the court were prepared to ignore the outcome of her earlier suits." The court also noted that Attorney Bach frequently named judges and courts as defendants, despite their absolute immunity. The court ordered Attorney Bach to show cause within 14 days why the court should not impose sanctions for a frivolous appeal.

¶16 On June 12, 2014, the Seventh Circuit Court of Appeals deemed Attorney Bach's appeal frivolous and fined her $2,000.

¶17 On October 28, 2014, Attorney Bach petitioned this court for a writ of mandamus in A.B.'s guardianship case. This court denied her petition, ex parte. Bach v. Circuit Court for Milwaukee County, No. 2014AP2537, unpublished order (S. Ct. Jan. 12, 2015).

## OLR Complaint

¶18 In September 2015, the OLR filed a disciplinary complaint against Attorney Bach, alleging six counts of professional misconduct all related to litigation she conducted relating to A.B. The OLR amended its complaint in March 2016, this time, alleging five counts of misconduct. The OLR sought a public reprimand and imposition of costs.

¶19 The court appointed Referee James J. Winiarski and, following briefing, Attorney Bach's submission of extensive documentation, and the referee's denial of Bach's request for additional time to conduct additional discovery, the referee conducted an evidentiary hearing on May 9, 2016. The referee rendered his report and recommendation on August 8, 2016.

¶20 Supreme Court Rule 22.17(1) provides that within 20 days after the filing of the referee's report, the director or the respondent may file with the supreme court an appeal from the referee's report. As noted, Attorney Bach filed a "reply brief" but neither party filed a timely appeal. Accordingly, we review this matter pursuant to SCR 22.17(2).

¶21 We will affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline given the particular facts of each case, independent of the referee's recommendation, but benefitting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶22 The referee made detailed factual findings. There is no persuasive showing that any of the referee's findings of fact are erroneous.[2] Accordingly, we adopt them.

---

[2] We are unpersuaded by the arguments in Attorney Bach's September 1, 2016, "reply brief."

¶23  The  amended  complaint  alleged  that  Attorney  Bach committed  five  counts  of  professional  misconduct,  alleging violations  of  SCRs  20:3.1  and  20:3.4.  Supreme  Court  Rule  20:3.1 is  entitled  "meritorious  claims  and  contentions."  Supreme  Court Rule  20:3.1(a)(1)  provides  that  in  representing  a  client,  a lawyer  shall  not  knowingly  advance  a  claim  or  defense  that  is unwarranted  under  existing  law,  except  that  the  lawyer  may advance  such  claim  or  defense  if  it  can  be  supported  by  good faith  argument  for  an  extension,  modification  or  reversal  of existing  law.  Supreme  Court  Rule  20:3.1(a)(2)  provides  that  a lawyer  shall  not  knowingly  advance  a  factual  position  unless there  is  a  basis  for  doing  so  that  is  not  frivolous.  A Committee  Comment  published  with  the  rule  notes  that  Wisconsin Supreme  Court  Rules  20:3.1(a)(1)  and  (2)  differ  from  the  ABA Model  Rules  in  expressly  establishing  a  subjective  test  for  an ethical  violation.  See  also  In  re  Disciplinary  Proceedings Against  Osicka,  2009  WI  38,  ¶42,  317  Wis.  2d  135,  765 N.W.2d  775.  Supreme  Court  Rule  20:3.4(c)  provides  that  a  lawyer shall  not  knowingly  disobey  an  obligation  under  the  rules  of  a tribunal,  except  for  an  open  refusal  based  on  an  assertion  that no  valid  obligation  exists.

### Counts One, Two, and Three

¶24  To  demonstrate  that  Attorney  Bach  committed  the misconduct  alleged  in  counts  one  and  two  of  the  amended complaint,  the  OLR  was  required  to  show  that  Attorney  Bach  "in fact,  knew  the  claim  or  factual  position  [s]he  was  advancing  was unwarranted."  See  also  In  re  Disciplinary  Proceedings  Against

*Katerinos*, 2010 WI 28, 324 Wis. 2d 12, 782 N.W.2d 398. A lawyer's knowledge can be inferred under certain circumstances. See SCR 20:1.0(g).[3]

¶25 In Count one of the amended complaint, the OLR alleged that "[b]y continuing to make filings in state and federal court stating claims that had already been ruled to be without merit and from which she had been enjoined, Attorney Bach knowingly advanced unwarranted claims." Similarly, in Count two, the OLR alleged that "[b]y continuing to make filings in state and federal court, including an appeal to the Seventh Circuit Court of Appeals that was described by the court as "frivolous," Attorney Bach knowingly advanced frivolous factual positions."

¶26 The OLR contends that "Attorney Bach was warned several times by judges that her claims were not warranted yet she proceeded with federal lawsuits, as well as with state actions in defiance of an injunction. She knew the claims she was advancing were unwarranted . . . [and her] knowledge can be inferred from the circumstances, SCR 20:1.0(g)." See OLR's Pre-Hearing Brief, pp. 10-11, (2016).

¶27 Count three of the amended complaint alleged that Attorney Bach violated SCR 20:3.1(a)(3), which provides that a lawyer shall not file a suit, assert a position, conduct a defense, delay a trial or take other action on behalf of the

---

[3] SCR 20:1.0(g) provides: "Knowingly," "known," or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

client when the lawyer knows or when it is obvious that such an action would serve merely to harass or maliciously injure another. Violations of SCR 20:3.1(a)(3) are subject to an objective standard.

¶28 The referee expressed frustration with the OLR's amended complaint, noting that "OLR wants me to 'infer' Attorney Bach's knowledge (of frivolousness, unwarranted claims, and intent to harass adverse parties)." However, while the OLR's pre-hearing brief argues that "she knew the claims she was advancing were unwarranted" there is no such factual allegation in the amended complaint. Merely alleging that Attorney Bach filed the various actions is not sufficient. The OLR failed to allege further that she, subjectively, knew that these actions were filed in a frivolous manner, were without merit, that Attorney Bach was trying to advance an unwarranted claim, or that she sought to harass or maliciously injure another. The referee states: "The amended complaint refers to many cases and appeals and it is not my job to guess at what particular conduct OLR claims violates a particular Supreme Court rule." The referee continued:

> By alleging multiple fact situations that occurred in both state and federal courts and then alleging such collective conduct violated three separate Supreme Court rules (Counts 1-3), some subject to an objective standard and others a subjective standard, I am at a loss to determine what precise alleged misconduct OLR claims violated which rules. I cannot apply an objective or subjective test without knowing the precise conduct OLR alleges violated which particular Supreme Court rule.

10

¶29 Moreover, the referee did not agree with the OLR's assessment of Attorney Bach's intent. The referee characterized Attorney Bach as a new and very inexperienced lawyer with overzealous goals, who plunged herself, unprepared, into filing federal court actions and subsequent appeals. Her filings were not competent; indeed they are often frustratingly inept, but the referee correctly notes that the OLR did not allege that she violated ethical rules requiring competence. However misguided her filings were, the referee concluded that the evidence did not support a finding that Attorney Bach filed the various actions with the intent of being frivolous or to harass the defendants. Accordingly, the referee concluded that the OLR failed to prove by clear, satisfactory, and convincing evidence that Attorney Bach committed the misconduct alleged in counts one through three.

¶30 We accept the referee's analysis and we dismiss counts one, two, and three of the OLR's amended complaint.

### Counts Four and Five

¶31 In Count four of the amended complaint, the OLR alleged that by continuing to file lawsuits relating to her son and continuing to communicate with her son's health care providers in contravention of the injunction issued by the Milwaukee County Circuit Court on October 16, 2012, Attorney

Bach knowingly disobeyed a court order, violating SCR 20:3.4(c).[4] In Count five, the OLR alleged that by ordering confidential transcripts of guardianship court hearings in contravention of a Milwaukee County Circuit Court order, Attorney Bach knowingly disobeyed a court order, violating SCR 20:3.4(c).

¶32  The referee agreed that Attorney Bach knowingly disobeyed a court order in violation of SCR 20:3.4(c).   The record evidence supports the referee's findings.

¶33  Indeed, Attorney Bach acknowledged at the hearing that she intentionally violated the injunction. She testified that she followed her parents' vehicle when she knew they were going to see her son, and, upon discovering her son's location, she had further contact with her son and his health care providers in violation of the injunction.  Similarly, despite circuit court's orders denying her access to her son's confidential court files, Attorney Bach ordered transcripts of certain proceedings without prior court approval.  The record supports the referee's finding, that after the injunction and without prior court approval, Attorney Bach communicated with her son's health care providers and aides; surreptitiously followed her parents' vehicle to determine her son's location; visited her son in an unauthorized manner; communicated with her son's attendants and aides; had unauthorized visitation with her

---

[4] SCR 20:3.4(c) provides:  "A lawyer shall not: . . . . knowingly disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists."

son, and filed documents in court, all in violation of a court order.  We accept the referee's conclusion that Attorney Bach knowingly disobeyed a court order in violation of SCR 20:3.4(c), as alleged in counts four and five of the amended complaint.

¶34 We next consider the appropriate discipline for Attorney Bach's misconduct.  The referee properly considered relevant factors, including, (1) the seriousness, nature and extent of the misconduct; (2) the level of discipline needed to protect the public, the courts and the legal system from repetition of the attorney's misconduct; (3) the need to impress upon the attorney the seriousness of the misconduct; and (4) the need to deter other attorneys from committing similar misconduct, In re Disciplinary Proceedings Against Hammis, 2011 WI 3, ¶39, 331 Wis. 2d 19, 793 N.W.2d 884; see also In re Disciplinary Proceedings Against Grogan, 2011 WI 7, ¶15, 331 Wis. 2d 341, 795 N.W.2d 745 (recognizing the ABA Standards as a guidepost).

¶35 The referee remained mindful that Attorney Bach's misconduct all relates to her efforts on behalf of her child. Indeed, the referee deemed Attorney Bach's "actions as the biological and loving mother" a mitigating factor in assessing appropriate discipline.

¶36 The referee did not condone Attorney Bach's conduct. Nor do we.  Attorney Bach's deliberate violation of court orders is serious professional misconduct that requires a public reprimand.  Indeed, we take this opportunity to caution Attorney Bach.  Although, we affirm the referee's conclusion that the OLR

13

failed to prove she violated SCR 20:3.1(a)(1), (2), and (3) as alleged in counts one, two, and three of the amended complaint, this conclusion reflects a failure in the pleadings, rather than an exoneration of her conduct. We are very familiar with Attorney Bach's filings. We recognize that her fervent advocacy stems from concern for her child. However, we must caution Attorney Bach that this court's tolerance for her persistent refusal to respect and follow rules of court procedure is wearing thin.

¶37 The referee explicitly recommends that we impose all of the costs of this disciplinary proceeding, noting that the "counts for which I have recommended dismissal do not justify reduction in her responsibility for full costs." In re Disciplinary Proceedings Against Polich, 2005 WI 36, ¶¶29-30, 279 Wis. 2d 266, 694 N.W.2d 367 (holding that even when a respondent prevails on a number of counts, it is still the court's policy to assess full costs). We agree with the referee: nothing about this case warrants deviating from our general policy of imposing all costs upon the respondent. See SCR 22.12. Attorney Bach is ordered to pay the full costs of the proceeding.

¶38 Consistent with the referee's recommendation and as is standard procedure, Attorney Bach may contact the OLR to request a payment plan that will enable Attorney Bach to pay the costs of this proceeding in a manner consistent with her financial ability. We accept the OLR's statement that restitution is not warranted in this matter.

14

¶39  IT IS ORDERED that counts one, two, and three of the amended complaint are dismissed.

¶40  IT IS FURTHER ORDERED that Margaret Bach is publicly reprimanded for her professional misconduct.

¶41  IT IS FURTHER ORDERED that within 60 days of the date of this order, Margaret Bach shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $14,765.09.

¶42  IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.